258 N.J. Super. 313 (1992)
609 A.2d 513
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DANNY LEE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
July 17, 1992.
*314 Before Judges KING and CARCHMAN.
Basile, Testa and Testa, attorneys for appellant (Michael L. Testa, on the brief).
Robert J. Del Tufo, Attorney General of New Jersey, attorney for respondent (Catherine A. Foddai, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by CARCHMAN, J.S.C. (temporarily assigned).
Defendant, Danny Lee, a senior corrections officer at Southern State Correctional Facility (Southern State), appeals from an order of the Law Division mandating forfeiture of his public office as a result of his conviction for theft by deception. Defendant asserts that exclusive jurisdiction for prosecution of forfeiture actions is in the Merit System Board of the New Jersey State Department of Personnel and that the Law Division acted without authority. We disagree and affirm the opinion by Judge Serata in the Law Division.
The facts are not in dispute. In addition to serving as a senior corrections officer, Lee served as a member of the New Jersey National Guard. In this latter capacity, he was ordered to report to Fort Drum, New York on July 6, 1990. He failed to arrive on July 6, 1990 but actually arrived on July 9, 1990. To facilitate reimbursement for his time served on military leave, Lee submitted a letter from the National Guard dated August 17, 1990, which said:
This is to certify that Sgt. Danny Lee attended annual training at Fort Drum, New York during period 6 July to 21 July 1990.... (emphasis added.)
Thereafter, a second letter dated September 17, 1990 was forwarded directly by the National Guard to Southern State. This second letter said:

*315 Sergeant Danny Lee ... was absent without leave (AWOL) from Annual Training from July 6 to July 8, 1990. He reported to Fort Drum, New York on July 9, 1990.
I have compared the memorandum that Sergeant Lee submitted to [the personnel officer at Southern State], it was not the memorandum that I gave him. It had been altered by changing 9 July to 6 July. The memorandum that I gave him was the original....
Based on the forged document, defendant received three days' pay from Southern State.
Defendant was indicted by a Cumberland County grand jury for official misconduct, N.J.S.A. 2C:30-3, (Count I); theft by deception of property valued more than $200, N.J.S.A. 2C:20-4, (Count II) and forgery, N.J.S.A. 2C:21-1a(2) and (3), (Count III). After a bench trial, defendant was convicted of theft by deception, a fourth-degree offense which was reduced to a disorderly persons violation. The record before us is unclear as to the reduction of the charge of theft by deception, fourth degree, to a disorderly persons offense. No transcript of the sentencing was provided to us. We assume that the reduction of the degree of the offense from a fourth-degree crime to a disorderly persons offense was based on a determination that the amount of the theft was less than $200. N.J.S.A. 2C:20-2b(3). The amount involved in a theft is determined by the trier of fact. N.J.S.A. 2C:20-2b(4). The trial judge sentenced defendant to two years' probation, a $500 fine and $30 Violent Crimes Compensation Board penalty.
On motion of the State, the trial judge ordered that as a result of defendant's conviction for theft by deception, he forfeit his office as a senior corrections officer.
The judge notified the parties of his decision by a written opinion dated March 7, 1991. An order memorializing that determination was entered on March 20, 1991. On March 11, 1991, defendant was served with a Preliminary Notice of Disciplinary Action by the Department of Personnel charging him with a violation of N.J.A.C. 4A:2-2.3(a)6, conduct unbecoming a public employee. At the hearing, defendant testified and the record of conviction and the trial judge's opinion of March 7, *316 1991 were presented. The hearing officer, relying on the trial judge's opinion, concluded that defendant should be removed from office and "sustained" the penalty of removal. Defendant now contends on appeal of his removal that exclusive jurisdiction for removal "lies within the Merit System Board of the Department of Personnel."
The forfeiture of public office after conviction of an offense is governed by statute. N.J.S.A. 2C:51-2 provides:
a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:
(1) He is convicted under the laws of this State of an offense involving dishonesty or a crime of the third degree or above or under the laws of another state or of the United Stated of an offense or a crime which, if committed in this State, would be such an offense or crime;
(2) He is convicted of an offense involving or touching such office, position or employment; or . ..
b. The forfeiture set forth in subsection a. shall take effect:
(1) Upon finding of guilt by the trier of fact or a plea of guilty, if the court so orders: or
(2) Upon sentencing unless the court for good cause shown, orders a stay of such forfeiture ...
d. Any forfeiture or disqualification under subsection a., b. or c. which is based upon a conviction of a disorderly persons or petty disorderly persons offense may be waived by the court upon application of the county prosecutor or the Attorney General and for good cause shown.
The relevant statutory scheme creates two classes of forfeiture: first, automatic forfeiture if defendant is found guilty of the offenses set forth in N.J.S.A. 2C:51-2a(1), and second, forfeitures which require an analysis of whether the offense is one "involving or touching" a defendant's office, N.J.S.A. 2C:51-2a, c.
We note initially that this case involves the first class since this particular conviction for theft by deception is "an offense involving dishonesty." N.J.S.A. 2C:51-2a(1) and see State v. Musto, 187 N.J. Super. 264, 275, 454 A.2d 449 (Law Div. 1982), aff'd, 188 N.J. Super. 106, 456 A.2d 114 (App.Div. 1983). The Legislature chose its words carefully by including an "offense" *317 involving dishonesty. By definition, an offense includes not only crimes but disorderly persons and petty disorderly persons offenses as well. N.J.S.A. 2C:1-14k.
In reviewing forfeiture actions, certain basic legal principles apply. While the sanction of forfeiture is seemingly harsh, it codifies a long-standing policy against retention of offenders in government service. Pastore v. Essex Cty., 237 N.J. Super. 371, 377, 568 A.2d 81 (App.Div. 1989); N.J. Turnpike Employees v. N.J. Turnpike Auth., 200 N.J. Super. 48, 54, 490 A.2d 338 (App.Div.), certif. denied 101 N.J. 294, 501 A.2d 954 (1985). Forfeiture is a civil penalty which is a collateral consequence of a conviction for a crime or offense. Old Bridge Public Workers v. Old Bridge Twp., 231 N.J. Super. 205, 209, 555 A.2d 639 (App.Div. 1989). The statute makes no distinction as to the quantum of the dishonest conduct; dishonest conduct compels forfeiture of office. See State v. Hamm, 121 N.J. 109, 125, 577 A.2d 1259 (1990). A conviction will trigger the penalty regardless of any mitigating circumstances offered by a defendant. Matter of Tanelli, 194 N.J. Super. 492, 497, 477 A.2d 394 (App.Div. 1984), certif. denied, 99 N.J. 181, 491 A.2d 686 (1984) unless the county prosecutor or Attorney General applies for a waiver in a case involving a conviction for a disorderly persons or petty disorderly persons offense. N.J.S.A. 2C:51-2d.
In support of his position, defendant cites our decision in Moore v. Youth Correctional Inst., 230 N.J. Super. 374, 553 A.2d 830 (App.Div. 1989), aff'd, 119 N.J. 256, 574 A.2d 983 (1990). Moore involved a factual issue as to whether a petty disorderly persons conviction for harassment of defendant's superior away from the job-site "touched or concerned" defendant's office. Where the disorderly persons's offense is one involving dishonesty and is subject to automatic forfeiture under N.J.S.A. 2C:51-2a(1), a circumstance factually inapposite to Moore, the fact-finding capability of administrative review serves no meaningful purpose. In fact, the administrative *318 hearing held here merely required the introduction of the conviction and the trial judge's ruling regarding the forfeiture. There was nothing more to litigate. In determining whether an offense "touches or involves" an office, some factual analysis may be necessary to resolve that issue. To assure an appropriate forum for the gathering of testimony and other relevant evidence, the Merit System Board created by the Civil Service Act, N.J.S.A. 11A:2-6, provides an opportunity for that determination. See N.J.A.C. 4A:2-2.7(c).
In Moore, the Supreme Court commented on the issue of jurisdiction. While the question was not directly before the Court since plaintiff's forfeiture had been decided by the Merit System Board, the Court cautioned that in determining whether an offense "touches or involves" an office, "Even crimes that are not grave enough to trigger forfeiture under N.J.S.A. 2C:51-2a(1) may not have an obvious connection to employment that would alert the trial court and the perpetrator that forfeiture would follow from a conviction." Id. at 266, 574 A.2d 983. See e.g., State v. Pitman, 201 N.J. Super. 21, 492 A.2d 680 (App.Div. 1985), involving forfeiture of office by three corrections officers who were convicted of disorderly persons offenses arising out of their beating inmates, and Schonwald v. Dept. of Trans., 5 N.J.A.R. 473 (1983), involving the forfeiture of office by an engineer who was convicted of misdemeanor misconduct in office and solicitation of a bribe. "It is easy to perceive how crimes of dishonesty, extortion, theft ... would be so notorious as to make automatic forfeiture at time of sentencing logical and fair," Moore v. Youth Correctional Inst., supra, 119 N.J. at 265, 574 A.2d 983.
The Supreme Court expressed concern as to a defendant fully appreciating the ultimate impact of a conviction for a petty disorderly persons complaint where the connection to employment was not obvious. In addition, the Court recognized that these cases would be heard in a court setting where the sentencing judge may not know a defendant is a public employee or the sentencing judge may not know whether "the nature *319 or context of the crime touches and involves the defendant's public employment."
The Court noted:
Yet, the legislative scheme does not explicitly address situations, such as that of Moore, in which a public employee is convicted of a petty disorderly-persons offense that is not so obviously related to employment, through either its inherent gravity or context, as to alert the sentencing court or the defendant that forfeiture will follow from the conviction. Such cases require an analysis of the nexus between the crime and the employment to determine if there is a sufficient relationship between the two to warrant the harsh penalty of forfeiture.
In those instances the connection between the conviction and the employment will have to be examined initially by the governmental department in which the employee works, then by the appropriate administrative agencies to which the employee may appeal the departmental decision, and finally by the Appellate Division. The municipal court may not possess the thorough knowledge of the defendant's job requirements necessary to determine whether forfeiture is appropriate. Moreover, since the department in which the employee works is not a party to the court action, it cannot bring information relevant to the employee's work requirements and responsibilities to the court's attention. It is far more efficient to grant the employee's department and administrative agencies initial jurisdiction to make the careful consideration of whether the offense should lead to forfeiture. The employee will retain the right to appeal to the Appellate Division once he or she has exhausted the administrative process. [Id., at 266-267, 574 A.2d 983.]
None of the concerns expressed by the Supreme Court are present here. This case was tried in the Law Division; the trial judge knew full well of defendant's public office and the nexus between the offense and defendant's employment. Defendant's conduct involved theft from the public, directly related to his employment. The entitlement to reimbursement for military service is a benefit conferred by virtue of employment. N.J.A.C. 4A:61.11(c). Where the conviction results in mandatory forfeiture under N.J.S.A. 2C:51-2a(1), we do not read Moore as requiring reference of the forfeiture issue to the Merit Service Board.
The judgment is affirmed.