852 A.2d 1143 (2004)
371 N.J. Super. 274
STATE of New Jersey, Plaintiff,
v.
William S. OCH, Jr., Defendant-Respondent.
In the Matter of the Application of Middle Township Board of Education, Movant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued Telephonically May 18, 2004.
Decided July 21, 2004.
*1144 James B. Arsenault, Vineland, Jr., argued the cause for appellant (Cooper, Levenson, April, Niedelman & Wagenheim, attorneys; Mr. Arsenault, of counsel and on the brief).
Michael L. Testa argued the cause for respondent William S. Och, Jr. (Basile & Testa, attorneys; Mr. Testa, of counsel and on the brief).
Before Judges CUFF, WINKELSTEIN and LARIO.
The opinion of the court was delivered by CUFF, J.A.D.
The issue we must resolve in this appeal is whether defendant's employer, Middle Township Board of Education (Board), is barred from seeking forfeiture of defendant's employment following his conviction of wandering or loitering for the purposes of obtaining a controlled dangerous substance contrary to N.J.S.A. 2C:33-2.1. The trial judge ruled that the employer was barred; we disagree and reverse.
Resolution of the issue requires a review of the procedural history of this case. On October 9, 2001, a Cape May County Grand Jury charged defendant, William S. Och, Jr., and twelve co-defendants in an eleven count indictment. Specifically, the indictment charged defendant with one count of conspiracy to commit the crime of possession with the intent to distribute a controlled dangerous substance (CDS) (marijuana), a second-degree crime, contrary to N.J.S.A. 2C:5-2; N.J.S.A. 2C:35-5a(1); and N.J.S.A. 2C:35-5b(3). On February 21, 2002, defendant pleaded guilty to the lesser charge of wandering or loitering for the purposes of obtaining a controlled dangerous substance, a disorderly persons offense, contrary to N.J.S.A. 2C:33-2.1.
Prior to sentencing, the following colloquy occurred between the judge and counsel:
THE COURT: Is there anything you would like to say before you're sentenced?
*1145 [THE DEFENDANT]: No, Your Honor.
[DEFENSE COUNSEL]: Just briefly, Judge. He's 42-years old, married with a family, has a responsible job with the Middle Township Board of Education, hopes to return to that job following this proceeding. Judge, I would ask you to sentence in accordance with the plea agreement.
[ASSISTANT PROSECUTOR]: Judge, he has no prior criminal history
THE COURT: Does he have to forfeit his employment?
[ASSISTANT PROSECUTOR]: No, Judge, ultimatelyI mean, I don't know what Middle Township plans to do with him, but not part of this agreement. It's a disorderly person's offense, which does not make forfeiture of the job mandatory.
THE COURT: Mandatory.
[ASSISTANT PROSECUTOR]: So, the state is only asking that you sentence him to a term of probation. I think in light of his lack of a criminal history, [he's] not extremely advanced [in] age, but certainly for in this court, we don't see people his age very often. I suggest that a probationary period is appropriate.
The judge proceeded to sentence defendant to a one-year term of probation in accordance with the plea agreement.
At the time of the offense and the indictment, defendant was employed as a non-tenured maintenance repairman for the Board. Soon after the indictment, the Business Administrator of the Board served defendant with a preliminary notice of discipline. Defendant was suspended without pay. On March 12, 2002, about three weeks after the plea and sentencing, the Board served defendant with a supplemental notice of disciplinary action. Defendant's suspension was continued until a further disciplinary hearing or the disposition of the Board's motion to compel forfeiture of his employment, which it filed on May 21, 2002.
The Board filed its motion to compel forfeiture of defendant's public employment as a result of his guilty plea pursuant to N.J.S.A. 2C:51-2.[1] The Board contended that defendant's conviction of wandering for the purpose of procuring narcotics caused grave concern due to his position as a maintenance repairman in its schools and his contact with students of all ages. The Board urged that defendant's criminal activity touched and concerned his employment and retention of his employment was in direct conflict with the Board's zero tolerance policy concerning use of prohibited substances.
On July 12, 2002, the sentencing judge conducted oral argument on the Board's motion. During this session, the assistant prosecutor conceded that the plea form contained the provision "No Forfeiture of Public Position," but stated that he referred only to the mandatory forfeiture of defendant's employment and did not consider any bar to the initiation and prosecution of disciplinary charges against defendant. He stated:
I ultimately viewed [the offense] as not requiring a waiver because when I read the statute, as I still do, I believe it requires forfeiture if you have a third-degree offense or greater or a disorderly persons offense that touches upon the employment. Based upon the nature of the investigation I had I didn't believe the disorderly persons offense which he was pleading guilty to fell into either of those two categories.
*1146 Finding that a significant factual dispute existed regarding the parties' understanding of the forfeiture of defendant's public employment, the judge scheduled a plenary hearing to determine the intention of the language of the plea form.
A plenary hearing was conducted on October 15, 2002. The assistant prosecutor reiterated his belief that N.J.S.A. 2C:51-2 did not apply in this case because defendant had pleaded guilty to a disorderly persons offense. Therefore, the prosecutor had not sought a waiver from the sentencing court of the requirement that defendant's public employment should be forfeited. He also testified that he never intended for the plea agreement to bar defendant's employer from terminating defendant's employment. The assistant prosecutor testified as follows:
[COUNSEL FOR THE BOARD]: Did you view any of the proceedings involving Mr. Och's plea as impacting the school district's right with regard to his continued employment?
[ASSISTANT PROSECUTOR]: Absolutely not, no, and I think I even put on the record at the date of the plea that I have no idea what's ultimately going to be his future with Middle Township, and I wasn't seeking to have any impact on the long-term future. Certainly, my position was [the school administrator] had available to him options that he could seek to take away the job of Mr. Och, and I wasn't going to get involved with that positively or negatively.
* * *
[COUNSEL FOR DEFENDANT]: And your understanding of what the board's options would be with regard with my-to my client and his job would be administrative proceeding? Is that what you envisioned?
[ASSISTANT PROSECUTOR]: That's what I believed. I believed that the plea of guilty I was at least getting rather than a dismissal or something, at least gave them the ability to litigate it another day, yes.
[COUNSEL FOR DEFENDANT]: And again, that's very clear from subsection G of the forfeiture statute, Mr. Johnson, is that correct?
[ASSISTANT PROSECUTOR]: You mean with regard to the administrative proceedings?
[COUNSEL FOR DEFENDANT]: Yes.
[ASSISTANT PROSECUTOR]: I mean, it's not necessarily covered. I mean, the statute I was reviewing dealt with the criminal section. You know, I was aware that there could be administrative proceedings. I don't know what that statute number is, I don't do that, but I was aware that that was a likely consequence of my plea of guilty with Mr. Och.
On the same day as the hearing, the assistant prosecutor and defense counsel entered in to the following stipulation:
1. The Plea Agreement entered into on February 21, 2002 was conditioned and contained a provision for Nonforfeiture of public employment;
2. William S. Och entered a guilty plea to 2C:33-2.1, a Disorderly Persons Offense;
3. The offense to which William S. Och Pled guilty ... does not touch upon his employment. This is based upon the nature of the investigation performed by Assistant Prosecutor Mr. Robert Johnson, and as testified by Mr. Johnson on July 12, 2002, before the [sentencing judge].
On November 22, 2002, the sentencing judge issued a letter opinion in which she found that the assistant prosecutor did not seek a waiver of the forfeiture of defendant's *1147 public employment, that the issue of forfeiture was not raised during the sentencing hearing, and that the Board was not estopped from seeking forfeiture of defendant's public employment by the colloquy between herself and the assistant prosecutor at the time of sentencing. The judge then directed that a plenary hearing should be conducted to evaluate the merits of the motion to compel forfeiture. This hearing would determine whether defendant's conviction "involved or touched upon his employment" as required by N.J.S.A. 2C:51-2a.
Prior to the scheduled hearing date, the matter was transferred to another judge. At a case management conference, that judge indicated his belief that the provision of the plea form referring to the forfeiture of employment barred the Board's motion to compel. He found that the State was judicially estopped from pursuing forfeiture due to the terms of the plea form and that the Board lacked standing to revisit the issue. The judge allowed the Board to brief the issue, after which he heard oral argument.
The judge decided that his comments at the case management conference should be incorporated into his decision. He also held that the mandatory forfeiture provisions of N.J.S.A. 2C:51-2a do not apply to fourth degree, disorderly or petty disorderly offenses which do not involve or touch the public employment. Then he determined that the issue of whether an offense involves or touches upon a defendant's public employment is a decision frequently faced by a prosecutor and that the assistant prosecutor decided in this case that the offense did not involve or touch defendant's employment. He also held that the assistant prosecutor's decision was not unreasonable. Significantly, the judge ruled that the prosecutor was not required to seek a waiver of forfeiture of employment because forfeiture was not mandatory under the circumstances. He also determined that the issue of forfeiture was "raised" during the sentencing hearing in the sense that the assistant prosecutor definitively expressed the State's position that the conviction did not involve or touch defendant's employment. Furthermore, the judge held the terms of the plea form barred forfeiture of defendant's employment. The judge also suggested that the Board was judicially estopped, in the criminal proceeding, from asserting a position contrary to the determination of the assistant prosecutor regarding the nature of the conviction. An order memorializing this decision was entered on May 2, 2003.
Following entry of the order, the Board filed a notice of appeal and the judge issued a letter opinion as permitted by Rule 2:5-1(b). In this opinion, the judge concluded that the Board lacked "any residual, conditional standing to seek a second adjudication" of the forfeiture issue because the issue had been "raised" at sentencing. Alternatively, the judge determined that the Board was judicially estopped from asserting a position in opposition to the determination of the assistant prosecutor. He also held that any action adversely affecting defendant's employment would violate his rights against double jeopardy.
Our review of the order under appeal requires us to recognize that forfeiture of office is a harsh penalty, State v. Medina, 349 N.J.Super. 108, 122, 793 A.2d 68 (App.Div.), certif. denied, 174 N.J. 193, 803 A.2d 1165 (2002), but it is the long-standing policy of the State not to retain offenders in public service. State v. Lee, 258 N.J.Super. 313, 317, 609 A.2d 513 (App.Div.1992). N.J.S.A. 2C:51-2 codifies this policy. Ibid. Furthermore, entry of an order of forfeiture is mandatory and automatic in all but one limited instance. N.J.S.A. 2C:51-2a and e; In re Vitacco, *1148 347 N.J.Super. 337, 343, 790 A.2d 178 (App.Div.2002); State v. Ercolano, 335 N.J.Super. 236, 245, 762 A.2d 259 (App. Div.2000), certif. denied, 167 N.J. 635, 772 A.2d 937 (2001).
N.J.S.A. 2C:51-2a requires forfeiture of employment by a public employee who (1) is convicted or pleads guilty to an offense involving dishonesty or an offense of the third degree or higher, or (2) is convicted or pleads guilty to an offense involving or touching his office, position or employment. Forfeiture of public employment is also mandated where required by the State Constitution. N.J.S.A. 2C:51-2a(3). A conviction which satisfies any of the three statutory categories must be entered without regard to mitigating circumstances, Lee, supra, 258 N.J.Super. at 317, 609 A.2d 513, unless the offense is a disorderly persons or petty disorderly persons offense which does not involve dishonesty or does not touch or involve the defendant's employment. N.J.S.A. 2C:51-2e. If the offense implicates dishonesty or touches or involves a defendant's public office, position or employment, the mandatory forfeiture may be waived by a judge upon an application of the county prosecutor and a demonstration of good cause. N.J.S.A. 2C:51-2e. If forfeiture has not been entered as contemplated by N.J.S.A. 2C:51-2b at the time of the plea, the finding of guilt or sentencing, a forfeiture of public office, position or employment may be ordered by a judge upon the application of the county prosecutor, the Attorney General or the public employer. N.J.S.A. 2C:51-2g; Ercolano, supra, 335 N.J.Super. at 243-44, 762 A.2d 259. Upon application by the employer or appointing authority, the trial court's responsibility is confined to a determination of whether the offense falls within any of the categories enumerated in N.J.S.A. 2C:51-2a. Ercolano, supra, 335 N.J.Super. at 243, 762 A.2d 259.
In recognition of the harshness of the forfeiture remedy, the Legislature amended N.J.S.A. 2C:51-2 in 1988 to add the waiver mechanism for an otherwise qualifying disorderly or petty disorderly persons offense. Flagg v. Essex County Prosecutor, 171 N.J. 561, 569, 796 A.2d 182 (2002). "The intended purpose of that subsection was to `ameliorate [the] harshness' of the forfeiture provision in practical application." Ibid. (quoting Senate Judiciary Committee, Statement to Assembly Bill No. 4479, at 1 (Dec. 17, 1987)). The authority to seek waiver of the forfeiture remedy is vested solely in the Attorney General and county prosecutors, not the trial judge. Id. at 573-74, 796 A.2d 182; State v. Lazarchick, 314 N.J.Super. 500, 532, 715 A.2d 365 (App.Div.), certif. denied, 157 N.J. 546, 724 A.2d 804 (1998). On the other hand, only a court may approve a waiver of the otherwise mandatory forfeiture. Flagg, supra, 171 N.J. at 579, 796 A.2d 182; Ercolano, supra, 335 N.J.Super. at 246, 762 A.2d 259. If the waiver is granted, the employer may not seek imposition of the forfeiture remedy, Moore v. Youth Corr. Inst., 119 N.J. 256, 268, 574 A.2d 983 (1990), although the public employer is not precluded from seeking the removal or suspension of the offender-employee in a disciplinary proceeding. N.J.S.A. 2C:51-2g.
When a conviction mandates forfeiture of public employment under N.J.S.A. 2C:51-2a, but the forfeiture order has not been entered as contemplated by section 2b, or an application for a waiver has not been filed pursuant to section 2e, an order of forfeiture may be sought at a later time by the county prosecutor, Attorney General or public employer. See N.J.S.A. 2C:51-2g. This provision was enacted to furnish "a procedure for applying for a mandatory forfeiture of public employment in the presumably unusual situation where a trial judge has inadvertently failed to *1149 comply with N.J.S.A. 2C:51-2a at the time of trial." Ercolano, supra, 335 N.J.Super. at 245, 762 A.2d 259. It was pursuant to this provision that the Board sought entry of an order of forfeiture of defendant's employment.
N.J.S.A. 2C:51-2g commences with the language, "In any case in which the issue of forfeiture is not raised in a court of this State at the time of a finding of guilt, entry of guilty plea or sentencing ...." (emphasis added.) Defendant contends that the inquiry by the sentencing judge and the prosecutor's response at sentencing falls within the scope of this section. No case discusses this language. The textual analysis of the statute as a whole and the review of the legislative history set forth by this court in State v. Ercolano, however, suggests otherwise. We concluded that "N.J.S.A. 2C:51-2g was intended solely to confer continuing jurisdiction upon a trial court to enter an order of forfeiture if the court failed to order forfeiture at the time of conviction, rather than, as Moore [supra,] had directed, such authority being transferred to the defendant's employer or a state agency." Ercolano, supra, 335 N.J.Super. at 247, 762 A.2d 259.
Based on this interpretation of the purpose and limits of section 2g, we conclude that the term "raised" means more than a discussion of the issue of forfeiture at the time of verdict, plea or conviction. Rather, we interpret the term to mean that an order of forfeiture or an order approving a waiver has been entered. Therefore, upon application by the employer in accordance with section 2g, a judge must determine whether an order of forfeiture or waiver of forfeiture has been entered and then whether the conviction is a qualifying offense.
Applying these various principles to this case, we conclude that the issue of forfeiture was never "raised" in a court of this State and the Board was not precluded from applying for an order of forfeiture pursuant to N.J.S.A. 2C:51-2g. Here, the county prosecutor could have sought a waiver of forfeiture because defendant entered a plea of guilty to a disorderly persons offense. It is undisputed that the assistant prosecutor did not seek a waiver and no waiver of forfeiture was entered by the judge who accepted the plea and imposed the sentence. With no waiver of forfeiture, the Board retained the authority to apply for an order of forfeiture pursuant to N.J.S.A. 2C:51-2g, Ercolano, supra, 335 N.J.Super. at 247-48, 762 A.2d 259, and is entitled to entry of that order unless a judge finds that the offense does not involve or touch defendant's employment.
There are certain aspects of this case, however, which raise the concern that proceeding to a determination of whether defendant's conviction involves or touches his employment may be fundamentally unfair to defendant, unless he is initially given an opportunity to file a motion to withdraw his guilty plea. Paragraph 13 of the standard plea form states "No Forfeiture of Public Position." At sentencing, the assistant prosecutor stated that defendant was not required to forfeit his employment. During the October 15, 2002 hearing, the assistant prosecutor testified that he had had discussions with defendant's attorney and had agreed not to seek forfeiture of defendant's public employment. He noted that his analysis of the case law suggested to him that the wandering offense did not involve or touch defendant's employment; therefore, forfeiture was not mandatory and he was not obliged to obtain a waiver. Furthermore, the assistant prosecutor emphasized that he believed and communicated to defendant's attorney that the plea did not preclude the Board from continuing the disciplinary proceedings already commenced by it.
*1150 As related in this opinion, the determination of whether forfeiture was mandatory under the circumstances of this case was not a decision for the assistant prosecutor to make. The prosecutor can only apply for the waiver upon a showing of good cause, and only a judge may grant the waiver. Flagg, supra, 171 N.J. at 578-79, 796 A.2d 182; Ercolano, supra, 335 N.J.Super. at 246, 762 A.2d 259. Furthermore, whether an offense involves or touches public employment is a determination that must be made by the judge. Ercolano, supra, 335 N.J.Super. at 243, 762 A.2d 259.
Nevertheless, defendant may have accepted this plea agreement because he was not subject to mandatory forfeiture of his employment, and he was willing to take his chances in the disciplinary proceedings. We recognize that forfeiture of public employment is considered a civil penalty which is a collateral consequence of a conviction. Flagg, supra, 171 N.J. at 570, 796 A.2d 182; Medina, supra, 349 N.J.Super. at 122, 793 A.2d 68; Lee, supra, 258 N.J.Super. at 317, 609 A.2d 513. We are also mindful that defendant cannot seek to withdraw his plea based on the failure to inform him of a collateral consequence of his conviction, such as forfeiture of his public employment. Medina, supra, 349 N.J.Super. at 122, 793 A.2d 68; State v. Riggins, 191 N.J.Super. 352, 355, 466 A.2d 981 (Law Div.1983). Nevertheless, when there is a fundamental misunderstanding concerning the consequences of the plea, whether the misunderstanding is occasioned by a mistake of law or fact or a combination of both, we must consider whether the plea was freely and voluntarily entered. State v. McQuaid, 147 N.J. 464, 495-99, 688 A.2d 584 (1997). We do not suggest that a defendant must be allowed to withdraw his plea because a third-party, such as a public employer, exercises its authority under section 2g to seek mandatory forfeiture of public employment. In view of the unique circumstances of this case, however, fundamental fairness suggests that defendant should be given the opportunity to withdraw his plea before the Board proceeds with its application to forfeit defendant's employment on the basis that the conviction involves or touches his position. See State v. Bellamy, 178 N.J. 127, 139-40, 835 A.2d 1231 (2003) (when defendant enters plea with expectations of the limits of his sentence, he should be allowed to move to withdraw his plea when an unrevealed collateral consequence which significantly restricts his liberty is imposed).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] We have also been informed that the Board has pursued termination of defendant's employment administratively and that the matter is presently pending in the Office of Administrative Law.