17 A.3d 293 (2011)
419 N.J. Super. 475
STATE of New Jersey, Plaintiff-Appellant,
v.
Jerome KENNEDY, Defendant-Respondent.
No. A-5677-09T3.
Superior Court of New Jersey, Appellate Division.
Submitted March 22, 2011.
Decided May 2, 2011.
*294 Robert A. Bianchi, Morris County Prosecutor, attorney for appellant (Paula Jordao, Assistant Prosecutor, on the brief).
Joel M. Harris, Morristown, attorney for respondent.
Before Judges PARRILLO, SKILLMAN and ROE.
The opinion of the court was delivered by
SKILLMAN, J.A.D. (retired and temporarily assigned on recall).
The primary issue presented by this appeal is whether the offense of tampering with physical evidence, in violation of N.J.S.A. 2C:28-6(1), is "an offense involving dishonesty," which requires the forfeiture of public office or employment under N.J.S.A. 2C:51-2(a)(1).
Defendant was indicted for possession of heroin, in violation of N.J.S.A. 2C:35-10(a)(1); conspiracy to possess heroin, in violation of N.J.S.A. 2C:5-2; hindering his own apprehension, in violation of N.J.S.A. 2C:29-3(b)(1); and tampering with physical evidence, in violation of N.J.S.A. 2C:28-6(1). Defendant entered into a plea bargain under which he agreed to plead guilty to the tampering with physical evidence charge, and the State agreed to dismiss the other charges. The parties also agreed to submit the issue of whether tampering with physical evidence is "an offense involving dishonesty," which required defendant to forfeit his employment with the Morristown Department of Public Works, for determination by the trial court. In providing a factual basis for his plea, defendant admitted that when he was approached by the police, he swallowed heroin he had just purchased.
The trial court sentenced defendant to three years of probation. The court also determined that tampering with physical evidence is not "an offense involving dishonesty" and therefore defendant was not required to forfeit his public employment.
The State appeals from the part of defendant's sentence that denied the State's application for the forfeiture of defendant's public employment. Defendant moved to dismiss the State's appeal on the ground that the State has no right to appeal from a sentence for a fourth-degree offense. We reserved decision on the motion pending consideration of the merits of the appeal.
We now conclude that the trial court's decision denying the State's application for the forfeiture of defendant's public employment is appealable. We also conclude that tampering with physical evidence is "an offense involving dishonesty" that requires forfeiture of public employment under N.J.S.A. 2C:51-2(a)(1).

I.
The Code of Criminal Justice confers a right upon the State to appeal a sentence only under limited circumstances, which do not include a probationary sentence for a fourth-degree offense. See N.J.S.A. 2C:44-1(f)(2); State v. Veney, 327 N.J.Super. 458, 460-61, 743 A.2d 888 (App. Div.2000). Therefore, the State could not have appealed from the part of defendant's sentence that imposed a probationary rather than a custodial sentence.
However, a forfeiture of public employment is a "collateral" rather than a "penal" consequence of a criminal conviction. Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 575, 796 A.2d 182 (2002). Therefore, the general limitations upon the State's *295 right to appeal from criminal convictions do not apply to this mandatory collateral consequence of a qualifying conviction. State v. Ercolano, 335 N.J.Super. 236, 243, 762 A.2d 259 (App.Div.2000), certif. denied, 167 N.J. 635, 772 A.2d 937 (2001). In fact, if a trial court fails to impose this collateral consequence at the time of sentencing, it may subsequently order forfeiture of the defendant's public employment upon application of the prosecutor or one of the other public officials listed in N.J.S.A. 2C:51-2(g). See id. at 243-44, 762 A.2d 259. And although the Code does not contain express authorization for an appeal by the State from a trial court's denial of a prosecutor's application for a mandatory forfeiture of public employment, our courts have entertained such appeals as appeals from illegal sentences. See, e.g., id. at 243, 762 A.2d 259; Flagg v. Essex Cnty. Prosecutor, 336 N.J.Super. 506, 765 A.2d 278 (App. Div.2001), rev'd on other grounds, 171 N.J. 561, 796 A.2d 182 (2002); see also State v. Parolin, 339 N.J.Super. 10, 13-14, 770 A.2d 1204 (App.Div.2001) (noting that "the State may appeal an illegal sentence without express authorization in the criminal code or rules of court"), rev'd on other grounds, 171 N.J. 223, 793 A.2d 638 (2002). Therefore, we deny defendant's motion to dismiss the appeal.

II.
The forfeiture of "any public office, position, or employment" is a collateral consequence of a conviction for "an offense involving or touching such office, position or employment," N.J.S.A. 2C:51-2(a)(2), or for "an offense involving dishonesty or of a crime of the third degree or above," N.J.S.A. 2C:51-2(a)(1). It is undisputed that defendant's offense did not "involv[e] or touch[ ]" his employment and thus did not require forfeiture under N.J.S.A. 2C:51-2(a)(2). Moreover, tampering with physical evidence is an offense of the fourth degree, N.J.S.A. 2C:28-6(1), and thus defendant's conviction for that offense did not require forfeiture under the second part of N.J.S.A. 2C:51-2(a)(1). The question is whether tampering with physical evidence is "an offense involving dishonesty," which requires forfeiture under the first part of N.J.S.A. 2C:51-2(a)(1).
The offense of tampering with physical evidence is proscribed by N.J.S.A. 2C:28-6(1), which provides:
A person commits a crime of the fourth degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:
(1) Alters, destroys, conceals or removes any article, object, record, document or other thing of physical substance with purpose to impair its verity or availability in such proceeding or investigation[.]
To be found guilty of this offense, a person must be found to have not simply hidden criminal contraband or evidence but to have engaged in conduct that resulted in "the permanent alteration, loss or destruction of the evidence." State v. Mendez, 175 N.J. 201, 212, 814 A.2d 1043 (2002). Moreover, the person's purpose in engaging in such conduct must have been "to impair [the physical evidence's] verity or availability in [an official] proceeding or investigation." N.J.S.A. 2C:28-6(1).
We have previously recognized that "an offense involving dishonesty" within the intent of N.J.S.A. 2C:51-2(a)(1) includes an offense involving the obstruction of a police investigation or criminal proceeding. In State v. Musto, 188 N.J.Super. 106, 456 A.2d 114 (App.Div.1983), we affirmed a Law Division decision which stated that "perjury and false swearing . . . constitute offenses involving dishonesty since they reveal an intent to . . . deceive." State v. *296 Musto, 187 N.J.Super. 264, 282, 454 A.2d 449 (Law Div.1982).
The same is true of the offense of fabricating physical evidence proscribed by the second subsection of N.J.S.A. 2C:28-6, which provides:
A person commits a crime of the fourth degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:
. . . .
(2) Makes, devises, prepares, presents, offers or uses any article, object, record, document or other thing of physical substance knowing it to be false and with purpose to mislead a public servant who is engaged in such proceeding or investigation.
[N.J.S.A. 2C:28-6(2).]
This offense, which prohibits the fabrication of false evidence to deceive a public official, is clearly "an offense involving dishonesty."
Although it may be less self-evident, we reach the same conclusion with respect to the offense of tampering with physical evidence proscribed by the first subsection of N.J.S.A. 2C:28-6, which prohibits the alteration, destruction, concealment or removal of genuine evidence for the purpose of denying investigators access to that evidence, because both offenses involve deceptive conduct designed to obstruct the administration of justice. Indeed, when a tampering offense involves the "alteration" rather than the "destruction" of physical evidence, it is very similar to the fabricating offense proscribed by N.J.S.A. 2C:28-6(2).
This conclusion is supported by Bolus v. Fisher, 785 A.2d 174, 178 (Pa. Commw.Ct.2001), aff'd 568 Pa. 600, 798 A.2d 1277 (2002), in which the court concluded that "tampering with physical evidence is an attempt to obstruct justice and inherently involves dishonesty." See also Altobello v. Borden Confectionary Prods., Inc., 872 F.2d 215, 217 (7th Cir.1989) (holding that a misdemeanor conviction for tampering with an electric meter was a crime of dishonesty under Rule 609(a)(2) of the Federal Rules of Evidence, which allows impeachment of a witness based on a conviction for such a crime).
We reject defendant's suggestion that we should consider the alleged mitigating circumstances of his particular offense in determining whether it mandated the forfeiture of his public employment. "A conviction [for an offense involving dishonesty] will trigger the penalty [of forfeiture of public employment] regardless of any mitigating circumstances offered by a defendant." State v. Lee, 258 N.J.Super. 313, 317, 609 A.2d 513 (App.Div.1992). Therefore, we conclude that defendant's conviction for tampering with physical evidence, in violation of N.J.S.A. 2C:28-6(1), was "an offense involving dishonesty" within the intent of N.J.S.A. 2C:51-2(a)(1).
Accordingly, we reverse the part of the judgment of conviction that denies the State's application for the forfeiture of defendant's public employment and remand for entry of an amended judgment of conviction that includes such forfeiture.