J-S46038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRADLEY L. YECKLEY, | : | |
| | : | |
| Appellee | : | No. 2149 MDA 2013 |

Appeal from the Judgment of Sentence entered on November 1, 2013
in the Court of Common Pleas of Centre County,
Criminal Division, No. CP-14-CR-0000230-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH LEE HAWKINS, | : | |
| | : | |
| Appellee | : | No. 2150 MDA 2013 |

Appeal from the Judgment of Sentence on November 1, 2013
in the Court of Common Pleas of Centre County,
Criminal Division, No. CP-14-CR-0000961-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CARL ANTHONY POLLICK, | : | |
| | : | |
| Appellee | : | No. 2151 MDA 2013 |

J-S46038-14

Appeal from the Judgment of Sentence entered on November 7, 2013
in the Court of Common Pleas of Centre County,
Criminal Division, No. CP-14-CR-0000133-2013

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED SEPTEMBER 25, 2015**

The Commonwealth appeals from the judgments of sentence entered against Bradley L. Yeckley ("Yeckley"), Kenneth Lee Hawkins ("Hawkins"), and Carl Anthony Pollick ("Pollick") (collectively, "the Defendants"). We affirm.

Pollick was arrested for driving under the influence—general impairment ("DUI")[1] and several summary offenses in November 2012. Pollick refused to submit to chemical testing. In 2013, a criminal information charged Pollick with DUI refusal, which was graded as a misdemeanor of the first degree, as it was his second DUI offense. Pollick entered a guilty plea, and the trial court sentenced him to intermediate punishment for a maximum of 5 years,[2] including a period of 120 days in the in-home detention program. Pollick subsequently filed a post-sentence Motion challenging his maximum sentence of 5 years.

The trial court held a hearing on Pollick's post-sentence Motion. The

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] Generally, the maximum term for a misdemeanor of the first degree is 5 years. *See* 18 Pa.C.S.A. § 106(b)(6).

- 2 -

trial court granted Pollick's Motion in October 2013, relying on this Court's interpretation of section 3803 of the Vehicle Code,[3] in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013).[4] The Commonwealth filed a Motion for Reconsideration/Clarification because the trial court did not address the interpretation of the relevant section of the Vehicle Code, section 3803(b)(4). The Commonwealth relied upon **Commonwealth v. Mendez**, 62 A.3d 456 (Pa. Super. 2012) (unpublished memorandum), in which this Court held that "those cases where the defendant has one prior DUI conviction and refuses chemical testing will be controlled by section

---

[3] **See** 75 Pa.C.S.A. § 3803 (effective until October 27, 2014).

[4] In **Musau**, this Court addressed the legality of a 5-year maximum sentence for a defendant who was convicted of DUI under section 3802(a)(2), refused chemical testing for the offense in question, and had a prior DUI. This Court held that a 5-year maximum sentence is illegal, and that the maximum allowable sentence for a second DUI offense involving refusal is six months in prison. **Musau**, 69 A.3d at 758. This Court's decision rested on the finding of a conflict between sections 3803(a)(1) and 3803(b)(4). Specifically, this Court applied the rules of statutory construction to determine the meaning of "notwithstanding," as used in section 3803(a)(1). **Id.** This Court held that

> the plain language of the statute, giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, the maximum sentence for the first or second DUI conviction is six months' imprisonment.

**Id.** The Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Musau**, 17 A.3d 296 (Pa. 2015).

3803(b)(4), the exception to the general provision."[5]  The trial court denied the Motion for Reconsideration/Clarification without a hearing, and, in November 2013, resentenced Pollick to a maximum sentence of six months of intermediate punishment based upon **Musau**.  The Commonwealth filed a timely Notice of Appeal, as well as a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

Following Yeckley's arrest for DUI in December 2012, he refused to submit to chemical testing at the hospital.  In 2013, a criminal information charged Yeckley with DUI refusal, which was graded as a misdemeanor of the first degree because it was his second DUI offense.  Yeckley entered a guilty plea, after which the trial court sentenced him to intermediate punishment for a maximum of 5 years, including a period of 120 days in the in-home detention program.  Yeckley subsequently filed a post-sentence Motion challenging his maximum sentence.

After a hearing, the trial court granted Yeckley's post-sentence Motion in November 2013, relying on the **Musau** decision.  The trial court sentenced Yeckley to a maximum sentence of six months of intermediate punishment.  The Commonwealth subsequently filed a Notice of Appeal.  The

---

[5] The Pennsylvania Supreme Court initially granted allowance of appeal in **Mendez**, but subsequently dismissed the appeal as improvidently granted. **See Commonwealth v. Mendez**, 111 A.2d 1187 (Pa. 2015).

Commonwealth filed a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

Hawkins was arrested for DUI in March 2013, and he refused to submit to chemical testing at the hospital. A criminal information charged Hawkins with DUI refusal, which was graded as a misdemeanor of the first degree because it was his second DUI offense. Hawkins entered a guilty plea. The trial court sentenced Hawkins to intermediate punishment for a maximum period of 5 years, including a period of 120 days in the in-home detention program. Hawkins subsequently filed a post-sentence Motion challenging his maximum sentence.

The trial court held a hearing in October 2013. After being informed of the decision in the Pollick case, the trial court amended the judgment of sentence to a maximum sentence of six months of intermediate punishment, based upon the **Musau** decision. The Commonwealth subsequently filed a Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

In December 2013, the Commonwealth filed a Motion to Consolidate the cases of the Defendants. As all three cases raise substantially the same issues, this Court granted the Motion in January 2014.

On appeal, the Commonwealth raises the following questions for our review:

> I. Did the trial court err in finding that the [O]rder [entered in] **Musau**[] was not final, and thus was not effective because the

appellate review of that order was not completed and the record had not been remanded to the trial court?

II. Did the trial court err by not finding that the only interpretation of 75 Pa.C.S.[A.] § 3803 consistent with the canons of statutory construction, the plain meaning of the statute, and the legislative intent becomes that [Defendants'] maximum sentence of five years was a legal sentence for a second offense, DUI refusal conviction?

Brief for the Commonwealth at 5 (renumbered for ease of disposition).

The Commonwealth's claims challenge the legality of each of the Defendants' sentences. *See Musau*, 69 A.3d at 756. "Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014).

In its first claim, the Commonwealth asserts that *Musau* cannot have precedential value in this case. Brief for the Commonwealth at 22-25. The Commonwealth incorrectly claims that because the *Musau* decision was appealed to the Pennsylvania Supreme Court, the holding is not applicable until appellate review is completed. *Id.* at 23-25. This issue is moot, as the Pennsylvania has since denied allowance of appeal.[6] *Musau*, 17 A.3d 296 (Pa. 2015).

---

[6] Even where our Supreme Court grants allowance of appeal, the prior panel's decision nevertheless remains binding. *Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006).

In its second claim, the Commonwealth argues that **_Musau_** was wrongly decided and that section 3803(b) of the Vehicle Code must be construed as permitting a 5-year maximum sentence. Brief for the Commonwealth at 17-22.

Our review of the certified records in each case discloses that the trial court sentenced each of the Defendants pursuant to 75 Pa.C.S.A. § 3803(a)(1), as in effect at the time of the Defendants' sentencing. At that time, section 3803 provided as follows:

**§ 3803. Grading**

**(a) _Basic offenses._ –**

Notwithstanding the provisions of section (b):

(1) An individual who violates section 3802(a) (relating to driving under the influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual **may be sentenced to a term of imprisonment of not more than six months** and pay a fine under section 3804 (relating to penalties).

\*\*\*

(b) Other offenses.

\*\*\*

(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803 (effective until October 27, 2014).[7]

On September 4, 2015, the Pennsylvania Superior Court, sitting *en banc*, filed its decision in ***Commonwealth v. Grow***, 2015 PA Super 186, 2015 Pa. Super. LEXIS 510 (*en banc*), to determine whether ***Musau***, or a conflicting decision in ***Commonwealth v. Barr***, 79 A.3d 668 (Pa. Super. 2013),[8] controls in sentencing a defendant who has refused chemical testing, and has one prior DUI. In ***Grow***, the *en banc* Court, agreeing with this Court's interpretation of section 3803 in ***Musau***, held that "the plain language of the statute, giving the words their ordinary meanings, indicates [that] regardless of the … grading of the offense as a first-degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months' imprisonment." ***Grow***, slip opinion at 5-6 (quoting ***Musau***, 69 A.3d at 758). Thus, the *en banc* panel concluded,

> because the meaning of the statute in question is clear and free from ambiguity, the Statutory Construction Act provides that "the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.[A.] § 1921(b). Moreover, we are constrained to consider solely the plain meaning of section 3803, since "only when the words of a statute are ambiguous should a court seek to ascertain the intent of the General Assembly through consideration of statutory construction factors found in

---

[7] On October 27, 2014, the legislature amended section 3803(a) to replace the phrase "Notwithstanding the provisions of section (b)" with "Except as provided in subsection (b)." 75 Pa.C.S.A. § 3803(a). As the Defendants were convicted and sentenced prior to the amendment, the amended version is not applicable in this appeal.

[8] In ***Barr***, a panel of this Court stated in *dictum* that the defendant's refusal of chemical testing would increase the maximum penalty from six months to five years. ***Barr***, 79 A.3d at 674.

Section 1921(c)." ***Commonwealth v. Brown***, 603 Pa. 31, 981 A.2d 893, 898 (Pa. 2009) (emphasis added)….

***Grow***, slip opinion at 6-7 (footnotes omitted).[9]  As this Court's *en banc* decision in ***Grow*** is binding precedent, we cannot grant the Commonwealth relief on its challenge to the legality of the Defendants' sentences.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2015

---

[9]  Nevertheless, the *en banc* Court considered and rejected the Commonwealth's statutory construction arguments.  ***See id.*** at 8-9 (stating that "grading and sentencing of the offense for a defendant in Grow's position is hardly absurd; the result merely diverges from the typical scheme."); 12 (stating that although section 1921(c) of the Statutory Construction Act, 1 Pa.C.S.A. § 1921(c), permits legislative and administrative interpretations to be considered when the wording of the statute is ambiguous, the language of section 3803 is clear and free from ambiguity).