**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4303-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HOWARD B. SIDORSKY,

     Defendant-Appellant.

_____

Argued telephonically June 3, 2020 –
Decided June 25, 2020

Before Judges Fuentes, Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. 005-06-18.

Patricia B. Quelch argued the cause for appellant (Helmer Conley & Kasselman, PA, attorneys; Patricia B. Quelch, of counsel and on the brief).

Craig Allen Becker, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Craig Allen Becker, of counsel and on the brief).

PER CURIAM

Defendant Howard Sidorsky appeals from an April 26, 2019 order of the Law Division which found him guilty of the petty disorderly persons offense of harassment, N.J.S.A. 2C:33-4, after conducting a de novo review of the record developed in the municipal court pursuant to Rule 3:23-8. We affirm as to the conviction but remand as to sentencing.

On December 12, 2017, the mother of K.Q.[1] filed a complaint against defendant in the Fort Lee municipal court for harassment, specifically "offensive touching." N.J.S.A. 2C:33-4(b).

The matter was tried before the municipal court judge on March 22, 2018. K.Q. testified on behalf of the State. Defendant testified on his own behalf and presented two additional witnesses, Jee Yeon Kim and Suzette Rivera.

In 2017, K.Q., a female, was a thirteen-year old eighth-grade student attending her local middle school. Defendant was her math teacher and co-taught K.Q.'s math class with another teacher, Kim. The class consisted of an equal mix of main-stream students and special needs students.

---

[1] We use initials to protect the minor's privacy. N.J.S.A. 2A:82-46(a); R. 1:38-3(c)(9).

During her testimony, K.Q. described three incidents in which defendant touched her in a manner that made her feel uncomfortable. The first incident occurred on September 12, 2017. According to K.Q., she asked defendant for help with a math problem. Defendant stood near her desk and put his hand on her shoulder while they discussed the math problem.

The second incident took place in the fall of 2017 in the school's main office after school hours. K.Q. was speaking with a friend in the office when defendant entered. According to K.Q., defendant put his hand on her waist and moved his hand from her waist to her back, making her feel uncomfortable. K.Q. also testified defendant would rub her shoulder or back when he passed by and did so "[a]t least ten times."

The third incident occurred on a Wednesday in November 2017. While K.Q. was leaving math class, defendant grabbed her by the waist while the other students were exiting the classroom. She explained defendant grabbed her so hard she could not breathe. K.Q. testified she froze, and defendant smiled or laughed. After this incident, K.Q. told her mother about defendant's actions. She informed her mother because the situation became "too much," and it was "embarrassing" and "humiliating." K.Q. testified no one else saw any of these

A-4303-18T2

incidents. According to K.Q., defendant would touch her when no one else was watching.

The next day, K.Q.'s mother reported the incidents to the school's principal. She subsequently filed a complaint with the Fort Lee Police Department. After the complaint was filed, defendant no longer taught K.Q.

Defendant worked at the school for twenty years. In the fall of 2017, he taught math to special needs students and K.Q. was in his class. He testified he never touched K.Q. inappropriately but may have touched her shoulder. He also denied rubbing her back or shoulder. Regarding the incident in the main office, defendant explained he did not touch K.Q.'s waist. Regarding the last incident, defendant testified he did not touch K.Q.'s waist and it would have been difficult to do so without being observed. He further stated K.Q. never asked him to stop touching her or appeared to be uncomfortable in his class.

Defendant's co-teacher, Kim, testified at the municipal court trial. She described K.Q. as a quiet and shy student. Kim never saw defendant touch K.Q. inappropriately. K.Q. never told Kim she felt uncomfortable in the class.

The last defense witness, Suzette Rivera, was the school principal's secretary. Rivera described the layout of the school's main office with the aid of photographs marked as evidence at the municipal court trial. Rivera

4

explained she sat at a desk behind a tall counter and was unable to see any activities on the other side of the counter below chest level. According to Rivera, she never saw defendant act inappropriately with a student.

At the conclusion of the testimony, the municipal court judge reserved decision. On March 29, 2018, the municipal court judge found defendant guilty of harassment. He found the testimony offered by K.Q. credible as to the incidents she described. The municipal court judge found K.Q. felt uncomfortable, embarrassed, and humiliated by the incidents, which led K.Q. to refrain from reporting them to school officials. The judge explained K.Q. was only thirteen years old and did not know how to respond to defendant's actions. She also did not want other students talking about the incidents.

In accordance with the harassment statute, N.J.S.A. 2C:33-4(b), the municipal court judge determined "beyond a reasonable doubt that defendant touched K.Q. on those three separate occasions in an offensive manner such that his actions would constitute offensive touching with the purpose to harass K.Q." He also inferred from the evidence that "defendant's purpose in touching K.Q. was to annoy or alarm the . . . victim." Further, the judge explained "defendant is a teacher and should have been aware that touching a student may make that student feel uncomfortable." The judge also stated there was no evidence in the

5

record "that defendant needed to touch K.Q. in order to calm her down or to make her feel comfortable. There's no evidence that she was crying in class or hysterical, that he needed to physically touch her in order to calm her down." The judge concluded absence of anyone witnessing defendant touch K.Q. did "not mean the alleged touching did not occur."

After finding defendant guilty of harassment, the municipal court judge imposed a monetary fine, plus court courts and other statutory penalties. The judge expressly found forfeiture of defendant's position as a public-school teacher was not warranted because "the evidence does not suggest that the offense occurred or involved the touching of such office, position or employment."

On May 29, 2018, defendant filed an appeal from his municipal court conviction with the Superior Court, Law Division.[2] A trial de novo was conducted by the Law Division judge on April 26, 2019. The independent trial de novo fact-findings by the Law Division judge were substantially similar to the findings by the municipal court judge.

---

[2] Pursuant to Rule 3:23-2, "a notice of appeal with the clerk of the court below within 20 days after the entry of judgment." Here, defendant filed his notice of appeal in the Law Division on May 29, 2018, sixty-one days after the municipal court's judgment of conviction. Despite the untimely filing of his appeal, the court accepted defendant's filing as within time in a June 1, 2018 order.

The Law Division judge, relying on State v. Avena, 281 N.J. Super. 327, 339 (App. Div. 1995), explained "[t]he purpose or intent to harass as an element of the crime of harassment can be proved based on the assessment by the judge of complainant's credibility." In reviewing the municipal court judge's decision, the Law Division judge noted the trial judge found K.Q.'s testimony to be credible. The Law Division judge also concluded defendant's "intent to harass K.Q. can be inferred from the totality of the circumstances, including the defendant's prior contact with K.Q. during the second incident, his demeanor while touching K.Q. during the third incident, and the absence of any legitimate reason for the defendant's conduct." Giving "due deference to the municipal court judge's credibility findings," the Law Division judge determined "defendant offensively touched K.Q. by touching and grabbing her waist with the purpose to harass her." The Law Division judge found "defendant guilty de novo of harassment" and denied his municipal appeal. Regarding sentencing, the Law Division judge stated "defendant shall remit his fines and fees to the Fort Lee Municipal Court."

On appeal to this court, defendant argues the following:

POINT I

THE RECORD DOES NOT SUPPORT THE LOWER COURTS' FINDINGS OF CREDIBILITY.

POINT II

> ALTERNATIVELY, IF THE COURT FINDS THAT DEFENDANT DID TOUCH K.Q., THE TOUCHING WAS NOT OFFENSIVE AND NOT DONE WITH THE PURPOSE TO HARASS K.Q.

When a defendant appeals a municipal court conviction, the Law Division is "to determine the case completely anew on the record made in the municipal court, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witnesses." State v. Powers, 448 N.J. Super. 69, 72 (App. Div. 2016) (quoting State v. Johnson, 42 N.J. 146, 157 (1964)). "Our review of the factual record is also limited to determining whether there is sufficient credible evidence in the record to support the Law Division judge's findings." Ibid. We will "defer to those findings made in the Law Division that are supported by credible evidence, but we owe no deference to the legal conclusions drawn from those findings." Ibid. See also State v. Morgan, 393 N.J. Super. 411, 422 (App. Div. 2007) ("It is well-recognized that it is 'improper for [an appellate court] to engage in an independent assessment of the evidence as if it were the court of first instance.' Rather, '[a]ppellate courts should defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and

common human experience that are not transmitted by the record.'") (alterations in original) (quoting State v. Locurto, 157 N.J. 463, 471, 474 (1999)).

It is "more compelling" to defer to the Law Division where both the Law Division and municipal court "have entered concurrent judgments on purely factual issues." State v. Reece, 222 N.J. 154, 166 (2015) (quoting Locurto, 157 N.J. at 474). "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (quoting Locurto, 157 N.J. at 474).

Here, the municipal court judge determined K.Q.'s testimony to be credible. Although he did not deem the defense witnesses incredible, the municipal court judge determined their testimony did not undermine K.Q.'s testimony simply because the defense witnesses did not observe any inappropriate touching by defendant. Based on the testimony that the municipal court judge deemed credible, the Law Division judge found the two incidents where defendant grabbed K.Q.'s waist without invitation or reason constituted harassment.

Defendant argues alternatively that any touching of K.Q. was not offensive or done with the purpose to harass her. We disagree. In Avena, we

held grabbing a person's waist without warning or invitation was offensive and such conduct would "create alarm or annoyance on the part of the victim." 281 N.J. Super. at 340.

Here, both the municipal court judge and the Law Division judge found defendant grabbed K.Q.'s waist unannounced at least twice. On one occasion, K.Q. described she had trouble breathing because defendant grabbed her waist so hard. Defendant's touching of K.Q.'s waist was not done at K.Q.'s invitation. According to the factual findings, both incidents caused significant distress to the thirteen-year old K.Q. beyond minor annoyance or alarm. Moreover, as in this case, the intent and purpose to harass is often inferred from the surrounding circumstances. See State v. Castagna, 387 N.J. Super. 598, 606 (App. Div. 2006) (citing State v. Siegler, 12 N.J. 520, 524 (1953)). Where the touching lacks a legitimate purpose, a court may infer a purpose to harass. State v. Hoffman, 149 N.J. 564, 577 (1997).

Having reviewed the record, there is sufficient credible evidence to support the inference that defendant touched K.Q. with a purpose to harass. Given our deferential standard of review, we conclude that the Law Division judge's factual findings are supported by sufficient credible evidence. Based on

those findings, there is no reason to disturb defendant's conviction for harassment.

However, we are constrained to remand the matter to the Law Division judge to address the issue of forfeiture as part of defendant's sentencing. In a municipal appeal, a Law Division judge is required to conduct a de novo review of the municipal court's decision, including the sentence. Here, the Law Division judge must determine whether defendant was "convicted of an offense involving or touching such office, position or employment." N.J.S.A. 2C:51-2(a)(2). "'[I]nvolving or touching such office, position or employment' means the offense was related directly to the person's performance in, or circumstances flowing from, the specific public office, position or employment held by the person." N.J.S.A. 2C:51-2(a). The statute requires: "A court of this State shall enter an order of forfeiture pursuant to subsection a.: 1) Immediately upon a finding of guilt by the trier of fact . . . unless the court, for good cause shown, orders a stay of such forfeiture pending a hearing on the merits at the time of sentencing." N.J.S.A. 2C:51-2(b)(1).

In accordance with the requirements of N.J.S.A. 2C:51-2 and State v. Och, 371 N.J. Super. 274, 283-84 (App. Div. 2004), we remand the case to the Law Division: (1) to allow the County Prosecutor to officially seek a waiver of

forfeiture pursuant to N.J.S.A. 2C:51-2(e); or (2) permit the Law Division judge to determine whether the offense does not involve or touch defendant's employment to avoid mandatory forfeiture.

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4303-18T2