18 A.3d 1087 (2011)
420 N.J. Super. 129
STATE of New Jersey, Plaintiff-Appellant/Cross-Respondent,
v.
Michael STEELE, Defendant-Respondent/Cross-Appellant.
No. A-3295-09T1.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 2011.
Decided May 19, 2011.
Leslie-Ann M. Justus, Deputy Attorney General, argued the cause for appellant/cross-respondent (Paula T. Dow, Attorney General, attorney; Ms. Justus, of counsel and on the brief).
Peter W. Till, Springfield, argued the cause for respondent/cross-appellant (Law Offices of Peter W. Till, attorneys; Mr. Till and Yale Han, on the brief).
Before Judges GRALL, C.L. MINIMAN and LeWINN.
*1088 The opinion of the court was delivered by
GRALL, J.A.D.
Defendant Michael Steele pled guilty to two counts of a nine-count indictment alleging crimes committed between January 29, 2003 and December 27, 2007 second-degree official misconduct, N.J.S.A. 2C:30-2; and second-degree pattern of official misconduct, N.J.S.A. 2C:30-7. In return for defendant's plea, the State agreed to recommend two concurrent seven-year terms of incarceration with five years to be served without possibility of parole as required by N.J.S.A. 2C:43-6.5a. The agreement also recognized that the State would seek forfeiture of office, a bar against future public employment, pension forfeiture, a ten-year bar on public contracts and restitution not to exceed $120,000 to be determined after giving consideration to the pension forfeitures. The trial judge accepted the recommendation regarding incarceration and also imposed a $100 VCCB assessment, a $150 SNSF assessment, a $30 LEOTEF penalty and a $120,000 restitution obligation. He also required defendant to forfeit his public office, his right to seek public employment at any time in the future and his right to do business with a public entity in this State for ten years. N.J.S.A. 2C:51-2. Finally, pursuant to N.J.S.A. 43:1-3.1, the judge forfeited defendant's pension benefits earned from January 29, 2003 forward without prejudice to the pension board imposing a greater forfeiture.
The State appeals contending that the judge misapplied the law governing forfeiture of pension benefits. See State v. Kennedy, 419 N.J.Super. 475, 477-79, 17 A.3d 293 (App.Div.2011) (discussing the State's right to appeal improper application of the statute mandating forfeiture of public office). Defendant cross-appeals and challenges the parole-ineligibility term, the restitution award, and the provision of the judgment permitting the pension board to forfeit a greater portion of his pension than that forfeited by the judge.
The facts pertinent to this appeal are as follows. At the time of defendant's misconduct, he was employed as the business administrator for the City of Irvington Board of Education. In that position, he profited from two schemes involving public contracts. The first scheme involved a contractor who paid defendant to disclose publicly bid construction contracts and subsequently recommend that the Board award those contracts to that contractor. Defendant estimated that over the years the contractor had paid him about $25,000 for his role in that scheme. The second scheme involved fraudulent purchase orders. The contractor and an associate or friend of his would submit quotes on projects not subject to public bidding; the contractor's quote would be the lower of the two and defendant would, on that basis, award the contract to the contractor. Defendant again received kickbacks from the contractor amounting to about $25,000.
Relevant to defendant's pension, he had twenty-eight years and eight months of service credited to the Teacher Pension and Annuity Fund (TPAF) through May 1, 2008. That total includes twelve years and seven months service credit he earned as a member of the Public Employee Retirement System (PERS) from October 1, 1978 to May 1, 1991 and transferred to TPAF pursuant to N.J.S.A. 18A:66-15.1. His service as a member of TPAF from May 1, 1991 to May 1, 2008 was credited to TPAF directly. That credit amounted to sixteen years and one month, less an inactive period of eleven months.[1]
*1089 Although it is not entirely clear on this record, it appears that defendant was serving as business administrator for the Board when he earned the sixteen years and one month of direct credit in TPAF. The presentence report indicates that defendant obtained a masters degree in 1989 and was hired as the school business administrator thereafter.

I
The parties' objections to the pension forfeiture ordered by the trial judge require us to interpret N.J.S.A. 43:1-3.1, a statute adopted in 2007 as part of the law providing for "mandatory forfeiture of retirement benefits and mandatory imprisonment for public officers or employees convicted of certain crimes." L. 2007, c. 49. The meaning of a statute is a question of law subject to de novo review. In re Liquidation of Integrity Ins. Co., 193 N.J. 86, 94, 935 A.2d 1184 (2007).
The guiding principles are well established:
The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language. We ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole. . . . [Our courts do not] rewrite a plainly-written enactment of the Legislature or presume that the Legislature intended something other than that expressed by way of the plain language. We cannot . . . engage in conjecture or surmise which will circumvent the plain meaning of the act. Our duty is to construe and apply the statute as enacted.
[DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005) (internal quotations and citations omitted).]
The court has no discretion to refrain from entering an order of pension forfeiture under the circumstances specified in N.J.S.A. 43:1-3.1. The statute applies upon conviction of a person who holds "any public office, position or employment" for a designated crime that "involves or touches" his office, position or employment. N.J.S.A. 43:1-3.1a; see N.J.S.A. 43:1-3.1b (designating the crimes). Where those conditions are met, "[a] court of this State shall enter an order of pension forfeiture," upon a finding of guilt or entry of a guilty plea. N.J.S.A. 43:1-3.1c(1). The court's discretion is limited to staying, pending a hearing on the merits at sentencing, entry of the pension forfeiture. Ibid.
There is no question that defendant's guilty plea to violating N.J.S.A. 2C:30-2 and N.J.S.A. 2C:30-7 triggered mandatory pension forfeiture pursuant to this section as both crimes are among those designated. N.J.S.A. 43:1-3.1b(17), (19). Nor is there any question that defendant committed these crimes in a manner touching upon or involving his public employment as business administrator. The statute provides that a crime "involves or touches such office, position or employment" when it "was related directly to the person's performance in, or circumstances flowing from, the specific public office or employment held by the person." N.J.S.A. 43:1-3.1a. The factual basis defendant provided at the time of his guilty plea established the requisite nexus.
The primary question in this case, therefore, is the scope of the pension forfeiture *1090 mandated. In pertinent part, N.J.S.A. 43:1-3.1a provides that the officer or employee "shall forfeit all of the pension or retirement benefit earned as a member of any State or locally-administered pension fund or retirement system in which he participated at the time of the commission of the offense and which covered the office, position or employment involved in the offense."
The State argues that the judge erred in concluding that the statute permitted him to order forfeiture from the date of the offense going forward. We agree. The statute plainly and unambiguously requires forfeiture of "all of the pension or retirement benefit earned as a member of . . . [the] pension fund . . . in which [defendant] participated at the time of the commission of the offense and which covered the office, position or employment involved in the offense." (emphasis added). It does not give the judge discretion to limit the commencement of the forfeiture period to the date of the first criminal act alleged in the indictment. In so restricting this forfeiture, the judge effectively rewrote the statute and defeated the intent plainly expressed thereindenial of all pension benefits earned as a member of the pension fund that covered the office or employment involved in the crimes he admitted.
That does not, however, end the inquiry. The State argues that defendant must forfeit his entire pension benefit, even the portion he earned as a member of PERS. To give the statute that broad a reach, we would have to ignore our obligation "to construe and apply the statute as enacted." DiProspero, supra, 183 N.J. at 492, 874 A.2d 1039 (internal quotations omitted). The statute limits the forfeiture to the "pension or retirement benefit earned as a member of [the] pension fund or retirement system in which [defendant] participated at the time of the commission of the offense and which covered the office, position or employment involved in the offense." (emphasis added). True, a forfeiture of all pension benefits might better further the Legislature's deterrent goal, but that is not what the statute says.
The statute simply does not reach the benefit defendant earned as a member of PERS and elected to transfer to TPAF pursuant to N.J.S.A. 18A:66-15.1. The Legislature drew the line at benefits earned as a member of the system that covered the office or employment abused. Had the Legislature intended the broader reach suggested by the State, it could have achieved that goal by eliminating the qualifying and restrictive language and simply mandated forfeiture of all of the pension or retirement benefit earned as a member of any State or locally-administered pension fund or retirement system.
Although the statutory language is sufficiently clear to require us to apply it as written, there is good reason to avoid stretching the statutory language to include benefits earned as a member of a different fund or system and transferred upon the employee's request. Such an interpretation would make the scope of forfeiture entirely dependent upon a personal decision of the officer or employee unrelated to his abuse of public employment or position: an employee who did not transfer funds would retain the benefit earned as a member of another system, but one who elected to make a transfer would lose the benefit earned as a member of another system. We must avoid constructions of statutory language that lead to results that are absurd given the purpose of the statute. In re Tenure Hearing of Young, 202 N.J. 50, 69, 995 A.2d 826 (2010).
The portion of the judgment directing forfeiture of defendant's pension is vacated and the matter is remanded for entry of an *1091 order forfeiting only the benefit earned as a member of TPAF.

II
We turn to consider the other issues defendant raises in his cross-appeal.
Defendant contends that a separate proceeding on forfeiture before the pension board would violate double-jeopardy principles. That issue is not properly before us because the judgment of conviction does not require consideration by the board. Moreover, the issue will not be ripe for adjudication unless and until the board initiates a further forfeiture proceeding.
Defendant also claims that the restitution combined with the pension forfeiture amounts to a constitutionally excessive penalty. We decline to address this issue because our modification of the pension forfeiture warrants reconsideration of the restitution award under the terms of the plea agreement.
Finally, we have considered defendant's objections to the periods of parole ineligibility imposed as well as the alleged double-jeopardy violation and found them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).
Affirmed in part; reversed in part; and remanded for amendment of the judgment and reconsideration of restitution. We do not retain jurisdiction.
NOTES
[1] Following oral argument, the State moved to supplement the record with information on defendant's service credits earned as a member of PERS and TPAF. We now grant that motion (M-2898-10).