**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1879-17T3

WILLIAM LUNGER,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE AND
FIREMEN'S RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

     Submitted January 30, 2019 – Decided February 20, 2019

     Before Judges Accurso and Vernoia.

     On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-105264.

     Feeley & LaRocca, LLC and The Blanco Law Firm, attorneys for appellant (Pablo N. Blanco, of counsel and on the brief; John D. Feeley, on the brief).

     Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Eric L. Apar, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner William Lunger, a former Sussex County sheriff's officer, appeals from a final decision of the Board of Trustees (Board) of the Police and Firemen's Retirement System (PFRS)[1] denying his request to file an application for ordinary disability retirement benefits. Because the Board correctly determined Lunger is ineligible for ordinary disability retirement benefits, we affirm.

Lunger's employment as a Sussex County sheriff's officer began in 2007. On April 11, 2016, Lunger was arrested and charged with third-degree conspiracy to commit official misconduct, N.J.S.A. 2C:5-2(a)(2) and N.J.S.A. 2C:30-2(a), third-degree pattern of official misconduct, N.J.S.A. 2C:30-7(a), four counts of second-degree official misconduct, N.J.S.A. 2C:30-2(a), and a disorderly persons theft offense, N.J.S.A. 2C:20-3(a). On the same day, Lunger was suspended without pay from his sheriff's officer position pending resolution of the criminal charges against him.

On January 27, 2017, Lunger pleaded guilty to third-degree conspiracy to commit official misconduct, N.J.S.A. 2C:5-2(a)(2) and N.J.S.A. 2C:30-2(a). On

[1] N.J.S.A. 43:16A-1 to -68.

March 13, 2017, the court sentenced Lunger to a 270-day custodial term as a condition of a three-year probationary term. The court also ordered that Lunger forfeit his employment as a sheriff's officer and not seek public employment in the future. In the judgment of conviction, the court explained that the charge against Lunger resulted when the Sussex County Prosecutor's Office learned the Sussex County Sheriff's Department had information that a sheriff's officer, "Lunger[,] was involved in a sexual/romantic relationship with [a] drug court participant," and "had been alerting [the participant] of upcoming surprise drug screens and taking drug testing kits used by probation and providing them to [the participant]." On the day of Lunger's sentencing, he resigned his employment as a sheriff's officer.

On February 10, 2017, following entry of his guilty plea, but prior to his sentencing, Lunger submitted an application to the Division of Pensions and Benefits for ordinary disability retirement benefits commencing on March 1, 2017. The Division requested documentation necessary to process the application and subsequently learned about Lunger's pending criminal charges. The Division requested information from Sussex County concerning the charges

and, on April 24, 2017, was advised Lunger was sentenced on the criminal charges and his employment as a sheriff's officer ended on March 13, 2017.[2]

In a May 10, 2017 letter, the Division advised Lunger he was ineligible to apply for ordinary disability benefits under N.J.A.C. 17:1-6.4(b) because he was removed from his position "for cause or forfeiture of public office" and ineligible to return to any position "should [his] alleged disability diminish at some time in the future to the point that [he] could return to employment and thereby comply with the provisions of N.J.S.A. 43:16A-8(2)."

Lunger appealed from the Division's denial. The Board subsequently denied Lunger's request to apply for ordinary disability retirement benefits, finding his official misconduct conviction required the forfeiture of his pension under N.J.S.A. 43:1-3.1(b); he is ineligible to apply for ordinary disability retirement benefits under N.J.A.C. 17:1-6.4; and he is ineligible for ordinary retirement benefits because "he has no job to return to should the alleged disabling condition diminish" and therefore cannot comply with N.J.S.A. 43:16A-8(2).

---

[2] The Division also received a March 22, 2017 Final Notice of Disciplinary Action sustaining charges against Lunger pursuant to N.J.A.C. 2C:51-2(b) based on his guilty plea and conviction.

A-1879-17T3

Lunger appealed the Board's determination and requested a hearing before the Office of Administrative Law. On November 20, 2017, the Board issued its final decision finding the information before it was sufficient to determine Lunger is ineligible for ordinary disability retirement benefits and denying his request to apply for the benefits. This appeal followed.

Lunger presents the following argument for our consideration:

POINT I

THE REFUSAL BY THE BOARD OF TRUSTEES TO PROCESS LUNGER'S DISABILITY RETIREMENT APPLICATION WAS ARBITRARY AND A FAILURE TO TURN SQUARE CORNERS IN DEALING WITH ITS MEMBER.

Our standard of review of a final decision of a State administrative agency is well-settled. We will not upset an agency's ultimate determination unless the agency's decision is shown to have been arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the record as a whole. Barrick v. State, 218 N.J. 247, 259 (2014). We must defer to the agency's expertise and superior knowledge of a particular field, and do not substitute our judgment for that of the agency. In re Stallworth, 208 N.J. 182, 194 (2011). However, we are not bound by the agency's interpretation of a statute or its determination of a strictly legal issue. In re Taylor, 158 N.J. 644, 658 (1999).

5

The party challenging the administrative determination bears the burden of proof. Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980). Measured against these standards, we discern no basis to reverse the Board's well-reasoned decision.

A PFRS member "who [has] involuntarily or voluntarily terminated service" as the result of a "[r]emoval for cause or total forfeiture of public service" "will not be permitted to apply for a disability pension." N.J.A.C. 17:1-6.4(b)-(b)(1); see In re Adoption of N.J.A.C. 17:1-6.4, 17:1-7.5 & 17:1-7.10, 454 N.J. Super. 386, 398 (App. Div.) ("[D]isability retirement benefits are intended for members who become disabled while in active service and can no longer work, not for members who have voluntarily or involuntarily terminated their service for some other reason." (quoting 48 N.J.R. 1307(a) (June 20, 2016))), certif. denied, ___ N.J. ___ (2018). Here, N.J.A.C. 17:1-6.4(b)(1) barred Lunger's application for disability retirement benefits. He was removed from his position as a sheriff's officer both for cause by Sussex County and as a result of the judgment of conviction ordering forfeiture of his employment.

Lunger is also not entitled to ordinary disability pension benefits because he was convicted of an offense that directly touches on his employment as a sheriff's officer. N.J.S.A. 43:1-3.1 provides "for 'mandatory forfeiture of

6 A-1879-17T3

retirement benefits . . . for public officers and employees convicted of certain crimes.'" State v. Steele, 420 N.J. Super. 129, 133 (App. Div. 2011) (quoting L. 2007, c. 49). "The statute applies upon conviction of a person who holds 'any public office, position or employment' for a designated crime that 'involves or touches' his office, position or employment." Id. at 134 (quoting N.J.S.A. 43:1-3.1(a)). Official misconduct, N.J.S.A. 2C:30-2, is one of the designated crimes the conviction of which requires mandatory forfeiture of retirement benefits under N.J.S.A. 43:1-3.1(a). N.J.S.A. 43:1-3.1(b)(17).

Where the crime touches on a PFRS member's employment, he or she "shall forfeit all of the pension or retirement benefit earned as a member of any State or locally-administered pension fund or retirement system in which he participated at the time of the commission of the offense and which covered the . . . employment involved in the offense." Steele, 420 N.J. Super. at 133 (quoting N.J.S.A. 43:1-3.1(a)). Lunger's conviction of official misconduct required forfeiture of all of his retirement benefits in PFRS. It is undisputed that Lunger's commission of the crime of official misconduct touched on his employment as a sheriff's officer. Indeed, he advised a drug court participant about upcoming drug tests based on information he obtained as a result of his employment and for the purpose of aiding the participant in avoiding the tests, and he stole drug

testing kits to which he gained access as a sheriff's officer and provided them to a drug court participant "in order that she may provide clean urine[] [samples] in advance." Thus, the Board correctly determined Lunger was not entitled to ordinary disability retirement benefits under N.J.S.A. 43:1-3.1(a).

We also agree with the Board's determination that Lunger is ineligible for benefits under N.J.S.A. 43:16A-8, which provides that a retiree who proves that a disability is rehabilitated is entitled to return to active service in the same status and position held at the time of retirement, if that duty is available. See In re Adoption of N.J.A.C., 454 N.J. Super. at 401 (citing Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., 199 N.J. 14, 33-35 (2009), and In re Allen, 262 N.J. Super. 438, 444 (App. Div. 1993)). In light of that rehabilitation statute, in In re Adoption of N.J.A.C., we reasoned:

> Returning to active service presumes that, at the time the beneficiary left public service, he or she actually had a duty. . . . And so, a beneficiary who previously left public service for some reason other than a disability—like termination for cause—would have no employment or work duty from which to return.
>
> The rehabilitation statutes presume that, unlike other retirees attempting to return to state service, the only obstacle to a disability retiree's reemployment is the disability itself. Once the disability abates, the disability retirement beneficiary may be entitled to reinstatement. See Allen, 262 N.J. Super. at 444 (interpreting the rehabilitation statutes, and observing

that, "[t]he Legislature clearly recognized that individuals returning from a disability retirement are in a unique situation, <u>plainly different</u> from all other employees returning to active service . . . [and t]heir separation from employment is <u>unlike</u> the voluntary separation of other civil servants" (emphasis added)). The statutory language expressly conditions reinstatement for disability retirees upon disability rehabilitation. It logically follows then that disability retirees must have left public service because of the disability in the first instance; unlike someone who has been terminated for cause.

[<u>Id.</u> at 401-02 (last three alternations in original).]

Lunger cannot return to work if he proves rehabilitation. He is barred from returning to his position by the express terms of his judgment of conviction.

We have considered Lunger's arguments that the Board erred by finding him ineligible to apply for ordinary disability benefits and find they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We add only that we agree with the Board that there was no need to refer Lunger's appeal to the Office of Administrative Law because there were no disputed facts requiring resolution at an evidentiary hearing. <u>See</u> <u>In re Farmers' Mut. Fire Assurance Ass'n of N.J.</u>, 256 N.J. Super. 607, 618 (App.Div.1992) ("An evidentiary hearing is mandated only when the proposed administrative action is based on disputed adjudicatory facts."); <u>see also</u> <u>In re Xanadu Project at Meadowlands Complex</u>, 415 N.J. Super. 179, 187-88 (2010) (explaining that

9

referral of a matter to the Office of Administrative law for a hearing is in an administrative agency's discretion).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1879-17T3