**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5118-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PHILIP D. ZACCHE,

    Defendant-Appellant.

_____

> Argued October 28, 2020 – Decided December 2, 2020
>
> Before Judges Vernoia and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0594-19.
>
> Samuel J. Halpern argued the cause for appellant.
>
> Lauren Bonfiglio, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Lauren Bonfiglio, of counsel and on the brief).

PER CURIAM

Defendant Philip D. Zacche appeals from the June 27, 2019 Law Division order compelling the forfeiture of his retirement pension in accordance with N.J.S.A. 43:1-3.1. We affirm, substantially for the reasons set forth in Judge Mary C. Jacobson's cogent oral opinion.

Defendant was a Jersey City police officer from December 1979 until he retired in June 2017. He held the position of Chief of Police from October 2014 to June 2017. Accordingly, he qualified to participate in the New Jersey Police and Fireman's Retirement System (PFRS) and received a monthly retirement benefit of $11,915, as well as partially subsidized health insurance following his retirement.

From 2010 to 2014, defendant worked off duty and provided security for the Jersey City Housing Authority (JCHA). In the federal information detailing the allegations against defendant, the United States Attorney for the District of New Jersey asserted that defendant submitted timesheets to the JCHA for shifts he never worked, and accepted $31,713 in payments for work he did not perform.

On January 5, 2018, defendant pled guilty to a violation of 18 U.S.C. § 666(a)(1)(A). He was ordered to pay $52,856 in reimbursement, fines, and forfeiture, and sentenced to a two-year probationary term.

2

On March 26, 2019, the State filed a verified complaint and order to show cause seeking, among other relief, defendant's permanent disqualification from any public position. The complaint alleged defendant's federal conviction was for a crime substantially similar to the crimes enumerated under N.J.S.A. 43:1-3.1(b), which required the complete forfeiture of all benefits he earned as a PFRS member. Defendant objected to the requested forfeiture of his pension and retirement benefits, but did not contest the State's request for his permanent disqualification from holding a public position.

Judge Jacobson granted the State's application to proceed summarily and heard oral argument. During the argument, defendant contended forfeiture of his pension and retirement benefits violated his substantive and procedural due process rights, as well as his right to equal protection of the law. Judge Jacobson disagreed. Even though the judge acknowledged defendant suffered significant penalties due to his criminal conduct, she ordered that defendant: (1) forfeit any public employment, office, or position held by him, including his position as a Jersey City police officer; (2) be forever disqualified from holding any office or position of honor, trust, or profit under this State; and (3) forfeit all pension or retirement benefits earned as a member of a State-administered pension fund or retirement system.

3

On appeal, defendant presents the following arguments for our consideration:

POINT I

N.J.S.A. 43:3.1 IS UNCONSTITUTIONAL AS A DENIAL OF SUBSTANTIVE DUE PROCESS OF LAW BECAUSE IT SETS AN ARBITRARY, UNREASONABLE AND UNWORKABLE THRESHOLD FOR THE IMPOSITION OF TOTAL FORFEITURE OF ALL PENSION BENEFITS IRRESPECTIVE OF THE CRIMINAL SANCTIONS IMPOSED AS WELL AS THE AMOUNT OF THE MEMBER'S SERVICE.

POINT II

N.J.S.A. 43:1-3.1 IS UNCONSTITUTIONAL AS A VIOLATION OF [DEFENDANT'S] RIGHT TO PROCEDURAL DUE PROCESS OF LAW.

POINT III

N.J.S.A. 43:1-3.1 IS UNCONSTITUTIONAL BECAUSE IT DEPRIVES [DEFENDANT] OF HIS RIGHT TO EQUAL PROTECTION OF THE LAW.

We review questions of law de novo. State v. Steele, 420 N.J. Super. 129, 133 (App. Div. 2011) (citing In re Liquidation of Integrity Ins. Co., 193 N.J. 86, 94 (2007)). We accord no special deference to a trial court's interpretation of the law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

Legislative intent is the primary concern in interpreting a statute, and "the best indicator of that intent is the statutory language." Steele, 420 N.J. Super. at 133 (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). Courts do not "engage in conjecture or surmise which will circumvent the plain meaning" of a statute. Ibid.

N.J.S.A. 43:1-3.1(a) provides, in part:

> A person who holds [a] or has held any public office, position, or employment, elective or appointive, under the government of this State . . . who is convicted of any crime set forth in subsection b. of this section, or of a substantially similar offense under the laws of another state or the United States which would have been such a crime under the laws of this State, which crime or offense involves or touches such office, position or employment, shall forfeit all of the pension or retirement benefit earned as a member of any State or locally-administered pension fund or retirement system in which he participated at the time of the commission of the offense and which covered the office, position or employment involved in the offense. As used in this section, a crime or offense that "involves or touches such office, position or employment" means that the crime or offense was related directly to the person's performance in . . . the specific public office or employment held by the person.
>
> [N.J.S.A. 43:1-3.1(a).]

Like all statutes, N.J.S.A. 43:1-3.1 is presumed constitutional. Whirlpool Props., Inc. v. Dir., Div. of Taxation, 208 N.J. 141, 175 (2011). A legislative

5

act will only be declared void if "its repugnancy to the Constitution is clear beyond a reasonable doubt." Harvey v. Bd. of Chosen Freeholders, 30 N.J. 381, 388, (1959) (citing Gangemi v. Berry, 25 N.J. 1, 10 (1957)). The "heavy burden" of establishing invalidity rests with the party challenging the statute. State v. Trump Hotels & Casino Resorts, 160 N.J. 505, 526 (1999). Here, defendant has not met his heavy burden.

Both the United States Constitution and the New Jersey Constitution guarantee due process to individuals. See U.S. Const. amend. XIV, § 1 (the due process clause bars a state from depriving "any person of life, liberty, or property, without due process of law"); N.J. Const. art. I, ¶ 1 ("all persons . . . have certain natural and unalienable rights . . . [such as] enjoying and defending life and liberty, of acquiring, possessing, and protecting property"). "Insofar as most rights are concerned, a state statute does not violate substantive due process if the statute reasonably relates to a legitimate legislative purpose and is not arbitrary or discriminatory." Greenberg v. Kimmelman, 99 N.J. 552, 563 (1985). A statute survives a substantive due process attack if it is "supported by a conceivable rational basis." Ibid. (citations omitted).

Here, the Legislature intended to compel a total forfeiture of a person's pension when that individual commits a crime specifically listed under N.J.S.A.

6

43:1-3.1(b). It is undisputed defendant committed such a crime, i.e., "theft by deception, [where] the amount involved exceeds $10,000." N.J.S.A. 43:1-3.1(b)(2).

Forfeiture of a pension has long been a legitimate and appropriate consequence for dishonorable conduct. See Corvelli v. Bd. of Trs., 130 N.J. 539, 550 (1992); Eyers v. State, Bd. of Trs., 91 N.J. 51, 56 (1982). Based on defendant's admitted dishonorable conduct, and the straightforward language of N.J.S.A. 43:1-3.1(a), Judge Jacobson had no discretion to deviate from the statute by limiting or declining to enforce its provisions, including its provisions for forfeiture. See Steele, 420 N.J. Super. at 134. That is so because "[t]he statute plainly and unambiguously requires forfeiture of 'all of the pension or retirement benefit earned.'" Id. at 134-35.

Although complete forfeiture is a significantly punitive consequence in response to defendant's criminal conviction, it does not constitute a substantive due process violation, nor is it arbitrary. As Judge Jacobson noted when citing to Cedeno v. Montclair State Univ., 163 N.J. 473, 478 (2000) (citation omitted), it is "a harsh response to a problem serious enough to justify its harshness." The judge recognized defendant's forfeiture of his pension benefits was a consequence contemplated by the Legislature, since he used his status as a

police officer for approximately four years to obtain security work from the JCHA and engineered receipt of over $30,000 in unearned payments. N.J.S.A. 43:1-3.1's forfeiture requirement was intended to deter this type of criminal conduct. Therefore, the statute is legitimately tied to a rational basis and is constitutional. As applied to defendant, it does not violate his substantive due process rights.

In Point II, defendant argues that his procedural due process rights were violated, as he was not afforded a full evidentiary hearing. Again, we are not persuaded.

"In examining a procedural due process claim, we first assess whether a liberty or property interest has been interfered with by the State, and second, whether the procedures attendant upon that deprivation are constitutionally sufficient." Doe v. Poritz, 142 N.J. 1, 99 (1995) (citing Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir. 1994)). In that regard, we do not question that public employees have a protected property interest in their pension benefits. See Gauer v. Essex Cty. Div. of Welfare, 108 N.J. 140, 150 (1987). However, we also are satisfied the procedures associated with a pension forfeiture under N.J.S.A. 43:1-3.1 are constitutionally adequate.

N.J.S.A. 43:1-3.1 delegates the function of determining forfeiture solely to the judiciary. Whether the crime for which an individual is convicted falls within those for which a forfeiture shall be required under N.J.S.A. 43:1-3.1(a) presents a legal issue for the court. In addition, the court must also determine as a matter of fact and law whether the crime "involves or touches" the individual's "office, position or employment." N.J.S.A. 43:1-3.1(a).

Here, we easily conclude defendant's offense fits within this statute. Moreover, the pertinent facts supporting our conclusion were established when defendant pled guilty. Subsequently, he was properly noticed and afforded an opportunity to be heard before Judge Jacobson on the issue of his pension forfeiture. As defendant pled guilty to one of the enumerated offenses under the statute, and he does not dispute that his offense touched upon his employment as a Jersey City police officer, defendant's due process rights were satisfied without an evidentiary hearing.

In Point III, defendant contends there is no rational basis for either the $10,000 threshold set forth in N.J.S.A. 43:1-3.1 or the complete forfeiture of his pension benefits required by the statute. Again, we are not convinced.

The Fourteenth Amendment of the United States Constitution provides that a state may not "deny to any person within its jurisdiction the equal

protection of the laws." U.S. Const. amend. XIV, § 1. A "[f]ederal equal-protection analysis employs different tiers of review: strict scrutiny when an act involves a fundamental right or a suspect class; intermediate scrutiny when an act involves a semi-suspect class; and minimal rational-basis scrutiny in all other cases." Drew Assocs. of N.J., L.P. v. Travisano, 122 N.J. 249, 258 (1991) (citing Brown v. City of Newark, 113 N.J. 565, 573 (1989)).

Equal protection requires that classifications not be arbitrary. Portiz, 142 N.J. at 91 (citing State v. Mortimer, 135 N.J. 517, 536 (1994)). "[W]here individuals in the group affected by a law have distinguishing characteristics relevant to interests the State has the authority to implement, . . . courts have been very reluctant . . . to closely scrutinize legislative choices . . . . In such cases, the Equal Protection Clause requires only a rational means to serve a legitimate end." Id. at 91-92 (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 441-42 (1985)).

Employees who commit certain enumerated crimes warranting forfeiture of their pension benefits are not within a suspect classification, so the statute is reviewed for a legitimate rational basis. Such a rational basis is evident here. Indeed, the legislative intent of the challenged statute is "to preclude those who have once violated the public trust from [having] a second opportunity."

<u>McCann v. Clerk, City of Jersey City</u>, 338 N.J. Super. 509, 517 (App. Div. 2001) (quoting <u>Cedeno</u>, 163 N.J. at 477) (citations omitted). The Legislature created the statute to protect the public and advance this objective, rather than protect the offender. <u>Ibid.</u> (citing <u>Pastore v. Cty. of Essex</u>, 237 N.J. Super. 371, 377-78 (App. Div. 1989)).

Additionally, the $10,000 threshold set forth in the statute is rational. As Judge Jacobson correctly observed, "the [L]egislature gets to draw lines. That's part of what their responsibility is." Here, the Legislature decided that a breach of the public trust involving misappropriation of funds in excess of $10,000 is where the line should be drawn, and where the severe penalty of a total pension forfeiture should be imposed. This statute rationally links the goals of crime deterrence to the protection of public funds. Therefore, neither the statute nor the $10,000 threshold violates defendant's right to equal protection.

We hasten to add that prior to the enactment of N.J.S.A. 43:1-3.1, the New Jersey Supreme Court established a balancing test and relevant factors for courts to apply when presented with a pension forfeiture claim. <u>Uricoli v. Bd. of Trs.</u>, 91 N.J. 62, 77-78 (1982). The <u>Uricoli</u> factors, which were later codified in N.J.S.A. 43:1-3(c), apply "only to those claims for benefits where the specific pension statute is silent respecting the effect of a conviction for a crime relating

11

to the applicant's public office." Borrello v. Bd. of Trs., Pub. Emps. Ret. Sys., 313 N.J. Super. 75, 77 (App. Div. 1998). Because defendant pled guilty to a crime covered under N.J.S.A. 43:1-3.1, the Uricoli factors did not apply.

To the extent we have not addressed any remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5118-18T1